## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**THEODORE CHORNY,**
      **Plaintiff,**                                                        **Case No.:**

**v.**                                                                                         **Division:**

**PURPLE SQUARE MANAGEMENT COMPANY, LLC.**
**d/b/a DUNKIN DONUTS**
      **Defendants.**
_____/

### COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, the Plaintiff, THEODORE CHORNY, (hereinafter referred to as "Plaintiff"), by and through undersigned legal counsel, and hereby brings this action for damages against the Defendants, PURPLE SQUARE MANAGEMENT COMPANY, LLC. d/b/a DUNKIN DONUTS (hereinafter referred to as "Defendants"), and states and alleges as follows:

### JURISDICTION, PARTIES AND VENUE

1.     This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. 12181-12189 (hereinafter referred to as the "ADA") and compensatory and punitive damages pursuant to Florida Civil Rights Act, Florida Statutes Chapter 760.

2.     This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. 12181-12189 and 28 C.F.R 36.302, 36.303 and supplemental jurisdiction over the related state law claim pursuant to 28 U.S.C. 1367. The foregoing constitutes a violation of 28 C.F.R. 36.302, 36.303 and 42 U.S.C. 12182.

3.     This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331.

4.      Venue is proper pursuant to 28 U.S.C. §1391, because a substantial part of the events or omissions giving rise to the allegations in this Complaint occurred within this Judicial District and Defendant maintains a large business presence in this Judicial District.

5.      The remedies provided by Florida Statute 760 are not exclusive, and state administrative remedies need not be exhausted in connection with suits brought under the ADA.

6.      Plaintiff is a citizen and resident of Florida and is otherwise *sui juris.*

7.      Defendant is a Florida Limited Liability Company authorized to transact business in Florida and maintains a large business presence in this District.

## GENERAL ALLEGATIONS

8.      Plaintiff has satisfied all conditions precedent. <u>See Exhibit A.</u>

9.      Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

10.     Plaintiff requests a jury trial for all triable issues.

11.     Plaintiff suffers from what constitutes as a "qualified disability" under the ADA. <u>See Exhibit B.</u>

12.     Plaintiff suffers from a permanent and disabling disability. Plaintiff's impairment is listed among the physical impairments that substantially limits one or more major life activities; therefore, Plaintiff suffers from a disability covered by the protected class of disabled persons under the ADA and by Florida Statutes 760.01 and 760.02. <u>See Exhibit B.</u>

13.     Defendant is the owner and operator of a Dunkin Donut franchise, located within the State of Florida and which is open to the public.

14.     42 U.S.C. 12182 and Florida Statute 760.08 prohibit the discrimination of individuals on the basis of their disability in the equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

15.     Defendant is defined as a "Public Accommodation" within the meaning of Title III because Defendant is a private entity which owns and/or operates a restaurant. U.S.C. 12181 and 28 C.F.R. 36.104.

16.     Defendant's restaurant is also defined as a public accommodation under Florida Statute, 760.02(11)(b) as, "Any restaurant, cafeteria, lunchroom, soda fountain, or other facility principally engaged in selling food for consumption on the premises, including but not limited to, any such facility located on the premises of any retail establishment, or any gasoline station."

17.     Defendant offers the sale of food, merchandise and/or benefits related to other similar restaurant experience to its patrons.

18.     On November 19, 2018, Plaintiff visited Defendant's Dunkin Donut restaurant located at 2495 S. McCall Road Englewood, Florida ZIP to purchase coffee and food. The Plaintiff's visit was prior to instituting this action.

19.     Plaintiff attempted to use the drive through of this restaurant, with his street legal, handicapped-tagged, motorized golf cart, with the intention to purchase food and beverages and receive the benefits reasonably expected to receive as a usual customer, such as being greeted, prompt attention, timely service, quality food/items, product knowledge, friendliness, kindness, and attentiveness, among other things. See Exhibit C.

20.     Plaintiff was informed that he would not be permitted service because he was in a golf cart, even after providing documentation of the legally registered handicapped-tag.

21.     Plaintiff further explained to the cashier that he was disabled and because of his disability he needed to use the golf cart for transportation.

22.     The cashier employee yelled at the Plaintiff stating, "You can't order! We do not take orders from people in golf carts!"

23.     Plaintiff requested to speak with a manager.

24.     The cashier employee rudely responded back, "We are not serving you and if you do not leave, we are calling the police!"

25.     Defendant has failed to make drive through access readily accessible to use and usable by individuals with disabilities.

26.     Plaintiff was denied the ability to use the drive through window access to purchase food items that Defendant offers to the public.

27.     This discrimination has resulted in Plaintiff being denied full and equal access provision of goods, services, facilities, privileges, advantages, and accommodations being offered at Defendant's Dunkin Donut restaurant.

28.     Defendant's failure to reasonably accommodate the Plaintiff and similar situated persons with disabilities, is/was a willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. 36.303 and F.S. 760.08.

29.     As a result of Defendant's discrimination, the Plaintiff suffered loss of time, dignity, mental anguish and other tangible injuries.

30.     As a result of the foregoing events, Plaintiff endured fear, humiliation, embarrassment, mental and physical pain, suffering, and inconvenience.

31.     Defendant's actions were intentional, malicious, willful, wanton, callous and show reckless disregard for Plaintiffs' civil and constitutional rights.

32.     As a resident of the local area and the desire to purchase Defendant's products, Plaintiff has a concrete plan to patronize Defendant's Dunkin Donut restaurant when he is treated like other members of the public because that Dunkin Donut restaurant is within proximity to Plaintiff's regular travel destinations.

## COUNT I: VIOLATION OF AMERICANS WITH DISABILITIES ACT
## 42 U.S.C 12181-12189

33.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 32 of this Complaint.

34.     The Americans with Disabilities Act ("ADA") is a landmark civil rights legislation that is the result of decades of advocacy to improve the lives and role in society of all persons with disabilities. The ADA was enacted and effective as of July 26, 1990. The ADA legislation has been protecting disabled persons from discrimination due to disabilities for 28 years.

35.     Plaintiff is disabled within the definition of the ADA.

36.    Defendant maintained, operated, and/or had an ownership interest in the Dunkin Donut restaurant as a place of public accommodation within the meaning of the ADA.

37.    Defendant is responsible for complying with the requirements of the ADA.

38.    Plaintiff's disability limits major life activities including his ability to walk or use his legs for a long period of time. Therefore, Plaintiff is a qualified individual with a disability and is entitled to protections under Title III of the ADA.

39.    Public Accommodations such as Defendant are required to provide full and equal enjoyment of their goods, services, facilities, privileges, advantages, and accommodations in the most integrated setting appropriate to people with disabilities. 42 U.S.C. §12181, §12182; 28 C.F.R. §36.203.

40.    Specifically, the public accommodation must:

a. Ensure that no individual is discriminated against on the basis of disability in the full and equal enjoyment of their goods, services, facilities, privileges, advantages, and accommodations. *Id.*

b. Make reasonable modifications in policies, practices, or procedures when the modifications are necessary to afford goods, services, facilities, privileges, advantages, and accommodations to people with disabilities, unless the public accommodation can demonstrate that making the modifications would fundamentally alter the nature of the goods, services, facilities, privileges, advantages, and accommodations. *Id.*

c. Ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of their disabilities, unless the public accommodation can demonstrate that taking those steps would fundamentally alter the nature of the goods, services facilities, privileges, advantages, and accommodations being offered or would result in an undue burden. *Id.*

d. Ensure that the drive thru and facility within its place of public accommodation are readily accessible to, and usable by people with disabilities. *Id.*

41. Defendant is in violation of the ADA as follows:

a. On or before November 19, 2018, Defendant did not take steps necessary to ensure that Plaintiff was not excluded, denied services, segregated, or otherwise treated differently than other individuals because of the denial to access drive through window.

b. Defendant failed to provide the most integrated setting appropriate to the needs of disabled Plaintiff.

c. Defendant continues to discriminate against the Plaintiff by failing to make reasonable modifications in policies, practices, and procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages, and/or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual is excluded, denied services, segregated or otherwise treated differently than other individuals because of such disability; and

d. Based on Plaintiff's disability, Defendant denied Plaintiff equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations at the Dunkin Donut restaurant.

42. Plaintiff has retained undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendant pursuant to 42 U.S.C. 12205 and 28 CFR 36.505.

43. Plaintiff has reasonable ground to believe that he will be subjected to discrimination in violation of the ADA and Fla. Stat. 760.08 by Defendant.

44. Plaintiff desires to visit Dunkin Donut and avail himself of the goods and services available at the establishment and have full and equal enjoyment without fear of discrimination.

45. Pursuant to 42 U.S.C. 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require Defendant to

amend its policies and procedures to make facilities readily accessible and usable to the Plaintiff and all other persons with disabilities as defined by the ADA.

46.   As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer irreparable loss and injury, including but not limited to, humiliation, embarrassment, emotional distress, and mental anguish.

**WHEREFORE,** Plaintiff demands a trial by jury and judgment against Defendants for relief as follows:

a. A declaratory judgment finding the Defendants' actions violated Title III of the Americans With Disabilities Act, 42 USC § 12181;
b. Awards injunctive relief against Defendant compelling compliance with the ADA, including an order to require Defendant to amend its policies and procedures to make facilities readily accessible and usable to the Plaintiff and all other persons with disabilities as defined by the ADA.
c. Award attorney's fees, costs, and litigation expenses pursuant to 42 U.S.C. 12205; and
d. Award any other such relief as the Court deems just and proper, and/or is allowable under Title III of the ADA.

### COUNT II: VIOLATION OF FLORIDA CIVIL RIGHTS ACT
### FLORIDA STATUTE § 760

47.   Plaintiff re-alleges and incorporates by reference paragraphs 1 through 32 of this Complaint.

48.   The Defendant has violated Florida Statute 760, which provides all persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, and advantages in any public accommodation, without discrimination or segregation on the grounds of handicap.

49.   The violation of Florida law was deliberate and knowing.

50.   Plaintiff is disabled within the definition of the Florida Civil Rights Act ("FCRA") and therefore, a protected class.

51.    Defendant maintained, operated, and/or had an ownership interest in the Dunkin Donut store as a place pf public accommodation within the meaning of the FCRA.

52.    Defendant is responsible for complying with the requirements of the FCRA.

53.    Defendant is in violation of the FCRA as follows:

   a. On or before November 19, 2018, Defendant did not take steps necessary to ensure that Plaintiff was not excluded, denied services, segregated, or otherwise treated differently than other individuals because of the denial of access to the drive through window.

   b. Defendant continues to discriminate against the Plaintiff by failing to make reasonable modifications in policies, practices, and procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages, and/or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual is excluded, denied services, segregated or otherwise treated differently than other individuals because of such disability; and

   c. Defendant is in violation of Fla. Stat. 760.08 and based on Plaintiff's disability, Defendant denied Plaintiff equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations at the Dunkin Donut store.

54.    Plaintiff has been denied access to, and has been denied the benefits of services, programs, activities of Defendant's building and facilities, and has otherwise been discriminated against and damaged by Defendant's FCRA violations as set forth.

55.    Plaintiff will continue to suffer such discrimination, injury and damage without the immediate relief provided by the FCRA as requested herein.

56.    Plaintiff has reasonable ground to believe that he will be subjected to discrimination in violation of the ADA and Fla. Stat. 760.08 by Defendant.

57.   Plaintiff desires to visit Dunkin Donut and avail himself of the goods and services available at the establishment and have full and equal enjoyment without fear of discrimination.

**WHEREFORE,** Plaintiff demands a trial by jury and judgment against Defendants for relief as follows:

a. A declaratory judgment finding the Defendants' actions violated the Florida Civil Rights Act;

b. Awards injunctive relief against Defendant compelling compliance with the ADA and FCRA, including an order to require Defendant to amend its policies and procedures to make facilities readily accessible and usable to the Plaintiff and all other persons with disabilities as defined by the ADA.

c. Awards compensatory and punitive damages and other damages allowed by the Fla. Stat. 760.11(5);

d. Award attorney's fees, costs, and litigation expenses pursuant to Fla. Stat. 760.021; and

e. Award any other such relief as the Court deems just and proper, and/or is allowable under Title III of the ADA.

### COUNT III: NEGLIGENT TRAINING/SUPERVISION AND INADEQUATE POLICIES AND PROCEDURES

58.   Plaintiff re-alleges and incorporates by reference paragraphs 1 through 32 of this Complaint.

59.   Defendant owed a duty of reasonable care to the Plaintiff with respect to the training and supervision of the employees in the prevention of discriminatory conduct which is safeguarded by State and Federal law.

60.   Defendant owed a duty of reasonable care to adopt and implement adequate policies and procedures to prevent employees from continuing such discrimination to patrons.

61.   Defendants breached this duty through its agents, servants, and/or employees who were at all times acting within the course and scope of their employment, such negligence includes but is not limited to:

   a.   Failing to provide and maintain a non-discriminatory work environment.

   b.   Failing to adequately train their employees concerning the federal and state anti-discrimination laws.

   c.   Failing to adequately train and supervise their employees.

   d.   Failing to establish policies and procedures for protection of all patrons who seek to dine at Defendant's restaurant.

62.   It was reasonably foreseeable to Defendants, that without proper implementations of such policies and procedures and/or training that an incident of discrimination would occur.

63.   Each of the foregoing acts or omissions whether taken singularly or in any combination, was a proximate cause of the incidents and damages made the basis of this action.

64.   Defendants' negligence was of such a character as to make Defendants guilty of gross negligence. The conduct of Defendants were in heedless and reckless disregard of the rights of Plaintiff, and involved a want of care so as to indicate a conscious indifference to the rights, welfare, and safety of Plaintiff.

65.   Plaintiffs seek exemplary damages as may be found to be proper under the circumstances.

   **WHEREFORE,** Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, prejudgment interest, taxable costs, and such further relief as is just and proper. Plaintiff further demands a jury trial of all issues triable by right.

## PRAYER FOR RELIEF AND DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable as a matter of right and prays that the Court grant the following relief:

a. Enter a declaratory judgment finding that the actions of Defendants as alleged in this Complaint violated the ADA and FCRA;

b. Awards injunctive relief against Defendant compelling compliance with the ADA and FCRA, including an order to require Defendant to amend its policies and procedures to make facilities readily accessible and usable to the Plaintiff and all other persons with disabilities as defined by the ADA;

c. Award compensatory damages in an amount that would fully compensate Plaintiff for damages, including but not limited to, humiliation, embarrassment, emotional distress, and mental anguish, caused by Defendants' violations of the law as alleged in this Complaint;

d. Award punitive damages to Plaintiff in an amount that would punish Defendants for the intentional, malicious, callous, bad faith, willful, wanton, and reckless misconduct alleged in this Complaint and that would effectively deter Defendants from future discriminatory behavior;

e. Award Plaintiff attorneys' fees and costs; and

f. Order all other relief deemed just and equitable by the Court.

Respectfully submitted,
Dated this 20th day of October 2020.

**BLACK ROCK TRIAL LAWYERS**

By:_____
Gil Sanchez, Esq.
Florida Bar No: 735981
Sabrina Franco, Esq.
Florida Bar No: 1017076
201 S. Westland Ave.
Tampa, Florida 33606
(813) 254-1777 Office
(813) 254-3999 Facsimile
gil@blackrocklaw.com
sabrina@blackrocklaw.com
**Attorneys for Plaintiff**